Filed 5/28/21  P. v. Watson CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY MARIO WATSON,<br><br>   Defendant and Appellant. | D078635<br><br><br>(Super. Ct. No. CR131034) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Anthony Watson, in pro. per.; and Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1992, Anthony Watson pleaded guilty to sale of a controlled substance (Health & Saf. Code, § 11352).  He was granted probation, which was later revoked, and he was sentenced to prison.

In 2020, Watson filed a petition for resentencing under Proposition 47 (Pen. Code,[1] § 1170.18).

The trial court denied the petition, finding Health and Safety Code section 11352 did not qualify for reduction to a misdemeanor under section 1170.18. The court also found Watson had been convicted of murder in case No. CRN17643.

Watson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Watson the opportunity to file his own brief on appeal. Watson has filed a supplemental brief which we will discuss below.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Was Watson entitled to have his conviction for sale of cocaine base in violation of Health and Safety Code section 11352 designated a misdemeanor?

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The facts of the 1992 offense are not relevant to the review of this order. We will omit a statement of facts.

2.  Was it error for the trial court to deny the petition even though the prosecutor did not establish Watson suffered a conviction for a disqualifying offense before he was convicted for the offense at issue?

In his supplemental brief, Watson argues he was entitled to redesignation of his offense as a misdemeanor.  He does not discuss the fact that sale of cocaine base is not one of the offenses subject to Proposition 47 relief.  Nor does Watson discuss his murder conviction.  Instead, he simply contends denial of his petition denies him equal protection and violates the protection from ex post facto laws.  Finally, Watson argues the First Step Act of 2018, 115 P.L. 391, 132 Stat. 5194 and 18 U.S.C. § 927 should compel granting his section 1170.18 petition.  Watson's submission has not raised any arguable issues for reversal on appeal, given the record before us.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Watson on this appeal.

## DISPOSITION

The order denying Watson's petition for resentencing under section 1170.18 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

4